**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| ASCENTIUM CAPITAL, LLC ) <br> 23970 Highway 59 North ) <br> Kingwood, Texas 77339, ) <br> ) <br>                Plaintiff, ) <br>    vs. ) <br> ) <br> CENTRAL USA WIRELESS, LLC ) <br> 8600 Governors Hill Drive, Suite 160 ) <br> Cincinnati, Ohio 45249, ) <br> ) <br>   **Also Serve:** ) <br> ) <br>   Central USA Wireless, LLC ) <br>   11210 Montgomery Road ) <br>   Cincinnati, Ohio 45249 ) <br> ) <br> and ) <br> ) <br> CHRISTOPHER HILDEBRANT ) <br> 5484 Winding Cape Way ) <br> Mason, Ohio 45040, ) <br> ) <br>            Defendants. ) | CASE NO. <br><br> JUDGE <br><br><br><br><br><br><br><br> **COMPLAINT** |

Plaintiff Ascentium Capital, LLC ("Ascentium"), by and through its undersigned counsel, and for its Complaint states and avers the following:

**PARTIES, JURISDICTION & VENUE**

1.     Ascentium is a Delaware limited liability company whose principal place of business is located at 23970 Highway 59 North, Kingwood, Texas 77339.

2.     Ascentium's sole member is WP Astro Parent, LLC, a Delaware limited liability company whose principal place of business is located at 23970 Highway 59 North, Kingwood, Texas 77339.

3.      Defendant Central USA Wireless, LLC ("Lessee") is an Ohio limited liability company and has a principal place of business at 8600 Governors Hill Drive, Suite 160, Cincinnati, Ohio 45249.

4.      Defendant Christopher Hildebrant ("Guarantor" and, together with Lessee, "Defendants") is an individual residing at 5484 Winding Cape Way, Mason, Ohio 45040.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The amount in controversy is not less than $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and Loc. R. 82.1(b).

## FACTS

7.      Lessee and Ascentium are parties to that certain Lease Agreement (No. 2167754) dated on or about November 30, 2015 (as amended, supplemented, or otherwise modified, the "Lease Agreement").

8.      A copy of the Lease Agreement, together with related documentation, is attached hereto collectively as Exhibit A.

9.      Lessee agreed to lease the following equipment from Ascentium:

9675424.3

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1 | Misc. Item | •2012 Ditch Witch JT2020 Mach 1 Directional Boring Machine, s/n:CMWJ2020PC0001627, New Firestick Style Drive Chuck<br>•400' of New Firestick Style Dirt Drill Stem<br>•New Melfred Borzall 10-ton Clevis X Clevis Swivel | 100,000.00 | 100,000.00 |
| 1 | Misc. Item | •2005 Ditch Witch FX30 Vacuum System, s/n:2Z1543 800gal Vac Trailer | 27,000.00 | 27,000.00 |
| 1 | Misc. Item | New Ditch Witch FM13V Mud Mixing System, s/n:CMWFM13VPF0002748, w/1000gal Tank, 25' Water Supply Hose<br>New Dirt Housing Package (Head/Spud/4" Steep Taper Jagger Bit/Firestick EZ Connect/Oct. Collar) | 17,500.00 | 17,500.00 |

Schedule A

This document constitutes all or part of the Schedule A attached to and made part of Agreement No. 2167754 solely for the purpose of identifying the property being financed under such Agreement.

(together with all attachments or accessories thereto, and all proceeds thereof including, without limitation, insurance proceeds, collectively, the "Equipment") for $173,700 payable by way of sixty (60) monthly installments in the amount of $2,985.00 each.

10.    By way of an Amendment and Modification of Payment Terms dated February 27, 2017 (the "Lease Amendment"), Lessee and Ascentium amended the payment terms of the Lease Agreement as follows: (a) beginning May 1, 2017, two (2) payments of $645.33, due on or before the 1st of each month; (b) beginning July 1, 2017, forty-three (43) payments of $3,147.30, due on or before the 1st of each month; and (c) beginning February 1, 2021, one (1) payment of $2,918.66, due on or before February 1, 2021.  A copy of the Lease Amendment is attached hereto as Exhibit A-1.

11.    Pursuant to the Lease Agreement, Lessee also granted Ascentium a security interest in the Equipment.

12.    Ascentium perfected its security interest in the Equipment by way of a UCC-1 Financing Statement filed with the Ohio Secretary of State (the "Financing Statement").  A copy of the Financing Statement is attached hereto as Exhibit B.

3

9675424.3

13.     Guarantor personally guaranteed the complete and timely payment and performance of all of Lessee's obligations under the Lease Agreement (the "Guaranty").  (Ex. A., Lease Ag. at 2.)

14.     Ascentium has at all times fulfilled its obligations under the Lease Agreement.

15.     The Lease Agreement is a binding contract between Ascentium and Lessee.

16.     The Guaranty is a binding contract between Ascentium and Guarantor.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT – LESSEE)

17.     Ascentium realleges and incorporates by reference the foregoing paragraphs of this Complaint as if completely rewritten herein.

18.      Lessee breached and is in material default of its obligations under the Lease Agreement by, among other things, (a) failing to pay all amounts due thereunder when and as due; (b) issuing instruments drawn on accounts with insufficient funds; and (c) failing to return the Equipment to Ascentium as a result of the defaults set forth in subsections (a) and (b) of this paragraph.

19.     Upon information and belief, the Equipment is not insured as required under the Lease Agreement.

20.     Lessee has not made a payment to Ascentium under the Lease Agreement since June 2017.

21.     Ascentium provided Lessee with written notice of default and demand for payment and performance under the Lease Agreement as follows (collectively, the "Lessee Notices of Default"): (1) May 8, 2017 (Returned Payment Notice); (2) June 7, 2017 (Request for Immediate Response); (3) August 15, 2017 (Demand for Payment); and (4) October 2, 2017 (Notice of Acceleration).

9675424.3

22.     Copies of the Lessee Notices of Default are attached hereto collectively as <u>Exhibit C-1 through 4</u>.

23.     Ascentium demanded Lessee to return the Equipment pursuant to the October 2, 2017, Notice of Acceleration.  <u>Ex. C-4</u>.

24.     Notwithstanding the Lessee Notices of Default, Lessee failed to pay and perform its obligations under the Lease Agreement including, without limitation, the obligation to return the Equipment.

25.     There is due and owing by Lessee to Ascentium an amount not less than $132,696.22 (together with any and all other or further amounts due and owing or to become due and owing under the Lease Agreement or otherwise, collectively, the "<u>Balance</u>").

26.     Due to Lessee's breach of and default under the Lease Agreement, Ascentium is entitled to an award of damages in its favor and against Lessee (a) awarding damages in an amount not less than the Balance, together with pre- and post-judgment interest thereon at the greater of the Lease Agreement rate of 16% *per annum* and the highest rate permitted by applicable law; and (b) awarding all fees, costs, and expenses incurred in connection with this matter including, without limitation, all attorneys' fees, costs, and expenses.

## SECOND CLAIM FOR RELIEF
### (BREACH OF GUARANTY – GUARANTOR)

27.     Ascentium realleges and incorporates by reference the foregoing paragraphs of this Complaint as if completely rewritten herein.

28.     Guarantor is an officer, director, or member of Lessee.

29.     Guarantor controls, and at all times relevant to this Complaint, controlled Lessee.

30.     Pursuant to the Guaranty, Guarantor guaranteed the complete and timely payment and performance of Lessee's obligations to Ascentium under the Lease Agreement.

9675424.3

31.     Ascentium provided Guarantor with written notice of default and demand for payment and performance under the Guaranty as follows (collectively, the "Guarantor Notices of Default"): (1) May 26, 2017 (Demand for Payment); (2) August 15, 2017 (Demand for Payment); and (3) October 2, 2017 (Notice of Acceleration [and Demand for Return of Equipment]).

32.     Copies of the Guarantor Notices of Default are attached hereto collectively as Exhibit D-1 through 3.

33.     Ascentium demanded Guarantor to return the Equipment pursuant to the October 2, 2017, Notice of Acceleration to Guarantor.  Ex. D-3.

34.     Notwithstanding the Guarantor Notices of Default, Guarantor failed to pay and perform his obligations under the Lease Agreement and Guaranty including, without limitation, the obligations to pay the Balance and return the Equipment.

35.     Due to Guarantor's breach of and default under the Guaranty, Ascentium is entitled to a judgment in its favor and against Guarantor (a) awarding damages in an amount not less than the Balance, together with pre- and post-judgment interest thereon at the greater of the Lease Agreement rate of 16% *per annum* and the highest rate permitted by applicable law; and (b) awarding all fees, costs, and expenses incurred in connection with this matter including, without limitation, all attorneys' fees, costs, and expenses.

## THIRD CLAIM FOR RELIEF
### (POSSESSION OF EQUIPMENT – DEFENDANTS)

36.     Ascentium realleges and incorporates by reference the foregoing paragraphs of this Complaint as if completely rewritten herein.

37.     Ascentium has an interest in the Equipment as lessor or, alternatively, as a secured creditor with a perfected security interest in the Equipment.

9675424.3

38.     Due to Lessee's breach of, and default under, the Lease Agreement, Ascentium is entitled to possession, custody, and control of the Equipment.

39.     Lessee has not delivered possession, custody, and control of the Equipment to Ascentium.

40.     Guarantor is obligated to deliver possession, custody, and control of the Equipment to Ascentium pursuant to the Guaranty.

41.     Guarantor has not delivered possession, custody, and control of the Equipment to Ascentium.

42.     All or certain of the Defendants have possession, custody, and/or control of the Equipment.

43.     Possession of the Equipment by any of the Defendants is wrongful.

44.     Upon information or belief, the Equipment is located at Lessee's principal place of business.

45.     Upon information and belief, Lessee continues to use the Equipment in the ordinary course of its business.

46.     The Equipment continues to depreciate due to Lessee's possession, custody, control, and/or use.

47.     Defendants have an obligation to insure the Equipment against instances of loss, damage, and destruction pursuant to the Lease Agreement and Guaranty.

48.     Upon information and belief, the Equipment is not insured by either Defendant against instances of loss, damage, and destruction.

49.     Upon information and belief, the Equipment has not been taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgment.

9675424.3

50.     Ascentium is entitled to immediate possession of the Equipment.

51.     Ascentium is entitled to a judgment in its favor and jointly and severally against Defendants (a) awarding Ascentium immediate and permanent possession, custody, and control of the Equipment; and (b) awarding all fees, costs, and expenses incurred in connection with this matter including, without limitation, all attorneys' fees, costs, and expenses.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Ascentium respectfully prays that JUDGMENT be entered in its favor and against the Defendants as follows:

1.     On the First Claim for Relief, JUDGMENT against Lessee (a) awarding damages in an amount not less than the Balance, together with pre- and post-judgment interest thereon at the greater of the Lease Agreement rate of 16% *per annum* and the highest rate permitted by applicable law; and (b) awarding all fees, costs, and expenses incurred in connection with this matter including, without limitation, all attorneys' fees, costs, and expenses;

2.     On the Second Claim for Relief, JUDGMENT against Guarantor (a) awarding damages in an amount not less than the Balance, together with pre- and post-judgment interest thereon at the greater of the Lease Agreement rate of 16% *per annum* and the highest rate permitted by applicable law; and (b) awarding all fees, costs, and expenses incurred in connection with this matter including, without limitation, all attorneys' fees, costs, and expenses;

3.     On the Third Claim for Relief, JUDGMENT jointly and severally against Defendants (a) awarding Ascentium permanent possession, custody, and control of the Equipment; and (b) awarding all fees, costs, and expenses incurred in connection with this matter including, without limitation, all attorneys' fees, costs, and expenses; and

4.     On all Claims for Relief, granting Ascentium such other and further relief as the Court deems just or proper.

9675424.3

Respectfully submitted,

*/s/ Rocco I. Debitetto*

**A.J. Hensel (0085340)**
Hahn Loeser & Parks LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Tel:  (614) 233-5179
Fax:  (614) 221-5909
Email:  ajhensel@hahnlaw.com

and

**Rocco I. Debitetto (0073878)**
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Tel:  (216) 621-0150
Fax:  (216) 241-2824
Email:  ridebitetto@hahnlaw.com

*Attorneys for Ascentium Capital, LLC*

9675424.3