**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ASCENTIUM CAPITAL, LLC,             Case No. 1:17-cv-744

        Plaintiff,                                Bowman, M.J.

v.

CENTRAL USA WIRELESS, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Background**

Plaintiff filed a complaint against Defendants on November 6, 2017, asserting diversity jurisdiction under 28 U.S.C. §1332, and alleging breach of contract, breach of guaranty, and a breach of possession of equipment. The allegations of the complaint focus on a lease of certain equipment by Defendant Central USA Wireless, LLC ("Central"), as identified in the Lease Agreement attached to Plaintiff's complaint. Defendants admit that "after Central had been experiencing a significant reduction in its cash flow, Central ceased operations and ultimately defaulted on its payments under the Lease." (Doc. 28 at 1).

On November 21, 2017, Plaintiff filed a motion seeking an Order granting Plaintiff possession of the Equipment. (Doc. 8). Pursuant to a joint agreement, Defendants subsequently agreed to return the subject Equipment. (*See* Docs. 16, 17). In accord with the parties' representations, a January 2018 Agreed Order states that all of the Equipment was then located in San Antonio, Texas. Defendants agreed that they would cause the Equipment to remain at that location and would voluntarily surrender the Equipment to Asentium under certain conditions. (Doc. 17 at ¶¶ 4, 8). Defendants further agreed to

provide Asentium with proof of insurance as required under the Lease Agreement. (*Id.* at 3, ¶5).

After the parties consented under 28 U.S.C. § 636(c), this case was reassigned to the undersigned magistrate judge. (Doc. 24). The Court entered a Calendar Order on May 14, 2018, which reflects that any motions to amend the pleadings should be filed by June 15, 2018.

Ten days following the expiration of the deadline for amendment, Plaintiff moved to file an amended complaint in order to assert new claims that pertain to one of the pieces of Equipment (hereinafter "Missing Equipment"). The Missing Equipment was explicitly referenced in the Agreed Order of Possession. (Doc. 17). Notwithstanding that Order, there is no dispute that the Missing Equipment was not found in the expected location and has not yet been returned to Plaintiff. Plaintiff now seeks to add claims for conversion and unjust enrichment, as well as a claim for punitive damages, based upon the Defendants' failure to return the Missing Equipment. Plaintiff states that not only have the Defendants failed to return the Missing Equipment, but in December 2017, Defendants represented that none of the Equipment (including the Missing Equipment) remains insured.

Defendants have filed a memorandum in opposition to Plaintiff's motion to amend the complaint, to which Plaintiff has filed a reply. Without leave of Court, Plaintiff also filed a supplemental reply to Defendants' response in opposition to the motion for leave to amend. In addition, Defendants have filed a sur-reply.[1] Local Rules provide that

---

[1] A sur-reply, while not provided for by the Rules of Civil Procedure, may be authorized when a reply memorandum presents new material, as Plaintiff's equally unauthorized "supplemental reply" appears to do in this case. In the interests of justice and on this one occasion, the Court has considered both the supplemental reply and the sur-reply.

2

briefing of any pending motion is complete upon the filing of a reply memorandum. *See* L.R. 7.2(b)(2) ("No additional memoranda beyond those enumerated are permitted *except upon leave of court for good cause shown*") (emphasis added). Both parties are strongly advised to avoid filing unauthorized memoranda in the future.

**II. Analysis of Motion To Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given "when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court" and a court's discretion is appropriately exercised in the absence of an "outright refusal to grant the leave without any justifying reason appearing for the denial." *Id.*

Despite the expiration of the Court's deadline for filing a motion to amend, the Court finds no undue delay in this case. Neither party appears to have undertaken any discovery, and the parties have been attempting to resolve their dispute extrajudicially. This is Plaintiff's first motion to amend its complaint; therefore, leave will not be denied based on a "repeated failure to cure deficiencies" in prior amendments. However, Defendants vigorously oppose the tendered amendment on grounds of "futility." Defendants contend that the proposed amendment contains no more than conclusory assertions and does not adequately state claims either for conversion or unjust enrichment.

3

Notwithstanding the parties' agreement on the presumed location and the Court's prior Order, the parties agree that the Missing Equipment has yet to be found. In its amended complaint, Plaintiff alleges that "Defendants…asserted in May 2018 that the Unreturned Equipment was stolen." (Doc. 27-1 at ¶54). Plaintiff further alleges that Defendants "asserted that a claim was made…to an insurer of the …[Missing] Equipment," and that any insurance proceeds "are property or collateral of Ascentium pursuant of the Lease Agreement." (*Id.* at ¶¶55-56). Plaintiff's proposed amended complaint goes on to allege that one or both of the Defendants "is in possession, custody, or control of" either the Missing Equipment, or alternatively, the proceeds from that Missing Equipment, and that the Defendants' retention of such possession, custody, control or disposition of the Missing Equipment or proceeds "constitutes larceny," which is both "willful" and "malicious," entitling Plaintiff to punitive damages and attorney's fees. (*Id.* at ¶¶64-68).

To a limited extent, Plaintiff's allegations accord with statements in Defendants' memorandum in opposition. Defendants represent to this Court that "one or more of the locations storing the Equipment were broken into on three separate occasions and it is possible that certain pieces of Equipment were stolen during those events. Central is actively pursuing an insurance claim for any Missing Equipment." (Doc. 28 at 2). While also conceding that insurance on the Equipment "lapsed in July of 2017," Defendants suggest that "the Missing Equipment would be covered under the policies [assuming] …any theft likely occurred while the policies were still in force." (*Id.*) The Plaintiff's supplemental reply memorandum and Defendants' sur-reply attach email correspondence between counsel. The correspondence suggests that Defendants have put their insurer on verbal notice of the potential claim but have not yet made a formal

written claim under the now-lapsed policy.

None of the email correspondence or other "evidence" may be considered by this Court in determining whether to grant the Plaintiff's motion to file an amended complaint. Instead, in considering whether the proposed pleading would survive a motion to dismiss, this Court must limit itself to the standards applicable under Rule 12(b)(6). Although the Court may take judicial notice of prior judicial proceedings (like the January 2018 Order) or of documents attached to the first amended complaint, the Court may not evaluate evidence outside the pleadings.

Returning then, to the allegations in the tendered amended complaint, Ascentium clearly alleges that one or more of the Defendants actually (currently) "is" in possession or control of either the Missing Property or the proceeds from the same. By including such allegations in its amended complaint, Plaintiff's counsel is certifying to this Court that to the best of counsel's knowledge, information, and belief, formed after an inquiry "reasonable under the circumstances," that the new claims for conversion and for unjust enrichment are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that "*the factual contentions have evidentiary support*." Rule 11(b)(2) and (b)(3) (emphasis added).

With respect to the conversion claim, Defendants insist that because they no longer have the Missing Equipment and are not in possession or control of any insurance proceeds (regardless of whether they have or have not yet made a formal claim), they have not "refused" to return either the Missing Equipment or proceeds and Plaintiff cannot prevail. Some of the correspondence (which again, is in the nature of evidence outside the pleadings) implies that Defendants may even be pursuing an insurance claim on Plaintiff's behalf, or at least with acknowledgment of Plaintiff's potential lien on the

5

proceeds.

In support of denial of the proposed amendment, Defendants cite Ohio case law that defines a conversion claim as requiring an intentional "refusal" to return property, as opposed to fact patterns in which property is lost, stolen, or destroyed unintentionally.

> Not every failure to deliver upon demand…will constitute a conversion. The defendant does not become a converter when the goods are no longer in his possession or control, so that the defendant is unable to comply with the demand, even though they may have been lost or destroyed through the defendant's own fault. The remedy in such a case is an action for negligence.

*Tolson v. Triangle Real Estate*, 2004-Ohio-2640 at ¶18, 2004 WL 1157473 (Ohio Ct. App. May 25, 2004) (emphasis original, quoting Prosser & Keeton, Law of Torts (5 Ed. 1984) 99, Section 15), affirming grant of summary judgment to garage owner on claim of conversion after clerical error resulted in stored items being hauled away, holding renter's statements that garage owner took property and converted it to his own use were improper legal conclusions). With respect to the proposed claim for unjust enrichment, Defendants similarly argue that Plaintiff's claim is without any factual basis – again, based on Defendants' assertion that they no longer have the Missing Equipment and have not obtained or been unjustly enriched by any related insurance proceeds.

While the Court does not quibble with the representation of Ohio law made by Defendants, the Court cannot ignore the fact that Plaintiff's tendered amended complaint very clearly alleges that one or more of the Defendants <u>actually retains</u> the Missing Property or the proceeds therefrom. Prior to any discovery being conducted, this Court will not preclude Plaintiff from amending its complaint to assert both conversion and unjust enrichment claims, <u>with the caveat that the Court assumes counsel will file the amended complaint only if it complies with Rule 11.</u> In addition, the Court will grant the Plaintiff's motion without prejudice to Defendants to file any dispositive motion that Defendants find

to be appropriate in the future, including but not limited to a motion under Rule 12 or Rule 56.

While the Court will permit the Plaintiff to file the amendment to include the two new state law claims, the Court declines to allow amendment to add a claim for punitive damages. In its memoranda, Plaintiff argues that such a claim is based on alleged "inconsistencies" in defense counsel's representations about the Missing Equipment and/or insurance claim and is supported by the conversion claim. However, the tendered amended complaint includes no factual allegations that reasonably would support a claim for punitive damages on the conversion claim under Ohio law.

**III. Conclusion and Order**

Accordingly, **IT IS ORDERED:**

1. That Plaintiff's motion for leave to amend (Doc. 27) is **GRANTED** in part;

2. That Plaintiff shall file its Amended Complaint, excluding any claim for punitive damages, on or before **September 28, 2018**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge